Entered on Docket
March 30, 2009
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: March 27, 2009

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    Case No. 09-40007 J

BABATUNDE M. WHITE,                      Chapter 7

                Debtor.   /

MEMORANDUM RE ORDER DENYING
APPLICATION FOR APPOINTMENT OF COUNSEL

    On February 20, 2009, a hearing was held on the motion of Consumer Solutions REO, LLC ("CSR") for relief from the automatic stay provided by Bankruptcy Code § 362(a) to permit it to evict the above debtor from certain premises in Antioch, California. The motion alleged valid grounds for the relief requested, including the California Superior Court's issuance, prior to the filing of debtor's petition herein, of a judgment of unlawful detainer.

    The debtor opposed relief, based on numerous allegations of CSR'S wrongdoing beyond the basic scope of the stay relief motion. The allegations involve claims that were, and still are, property of the bankruptcy estate subject to the control of Tevis Thompson,

MEMORANDUM

trustee in bankruptcy. See Bankruptcy Code § 541(a). At the hearing, the court ruled that it lacked jurisdiction to vacate the Superior Court's judgment, and would grant CSR's motion. The court requested CSR to submit an order, approved as to form by debtor's counsel, granting the motion subject to a 20-day stay.

To date, CSR has not submitted an order, apparently because debtor's counsel has declined to approve the form of the order CSR prepared. Now the court has received an application from the debtor seeking authority for the trustee in bankruptcy to employ the debtor's counsel, James Gilyard, with respect to the debtor's allegations against CSR. The same application requests the court to reconsider its ruling vacating the automatic stay.

The trustee in bankruptcy has submitted no application to employ Mr. Gilyard. In addition, the application does not comply with Bankruptcy Code § 327(a) or Fed. R.Bankr.P. 2014. In addition, the court cannot vacate the Superior Court's unlawful detainer judgment, even if the debtor's allegations against CSR are true. See 28 U.S.C. § 1738 (federal courts must give full faith and credit to state court judgments).

Moreover, the mere presence of the debtor's allegations is not sufficient cause for the court to leave the automatic stay in effect, especially under the circumstances present here where the Superior Court has already determined that CSR is entitled to possession of the premises. See In re Luz Intern, Ltd., 219 B.R. 837, 842-43 (9th Cir. BAP 1998).

MEMORANDUM 2

1    The debtor's application is devoid of any merit, and the court
2    will therefore deny the application.
3
4                              **END OF ORDER**

MEMORANDUM                                            3

COURT SERVICE LIST

Richard Sontag, Esq.
Ruzicka & Wallace, LLP
16520 Bake Parkway, Suite 280
Irvine, CA 92618

James G. Gilyard, Esq.
Law Office
5980 Stoneridge Drive, Suite 116
Pleasanton, CA 94588

MEMORANDUM                                    4